HUGO A. SPALINSKI, PLAINTIFF-RESPONDENT, v.
STEPHEN J. SUTO, DEFENDANT-APPELLANT.

Submitted October 6, 1942—Decided November 6, 1942.

Before Justices BODINE, HEHER and PERSKIE.

For the defendant-appellant, *David Deitz*.

For the plaintiff-respondent, *Mario H. Volpe*.

The opinion of the court was delivered by

BODINE, J. The plaintiff sued the defendant on a note in the sum of $253.51. The plaintiff, a real estate broker, had negotiated a contract whereby the defendant agreed to purchase a farm. Part of the undertaking was also that the vendee of the farm would purchase defendant's Trenton property. This latter agreement contained no provision for the payment of commissions. When the title to the Trenton property was to pass, a statement was rendered to the defendant which showed his indebtedness to the plaintiff to be $253.51. This included search fees, cost of insurance, revenue stamp, &c., totaling $103.51, and included therein was an item for $150 commissions on the sale of the Trenton property. The note in suit was given for the total amount claimed and not being paid at maturity the present suit resulted, and the plaintiff had judgment for the full amount.

Appellant's contention is that since there was no written agreement as to commissions (*Stout* v. *Humphrey*, 69 *N. J. L.* 436), and no compliance with *N. J. S. A.* 25:1-9 between

him and the payee of the note, his defense of partial failure of consideration should have prevailed. *N. J. S. A.* 7:2-28. Since no action could have been brought for the alleged commissions, as they were not evidenced as required by law, it would seem that the defense should have prevailed. *Wyckoff* v. *Runyon,* 33 *Id.* 107. The amount to be deducted was liquidated. *Allen* v. *Bank of United States,* 20 *Id.* 620.

Judgment should have been entered in the District Court for the sum of $103.51.

The judgment is, therefore, reversed, with costs.