A summary judgment was entered on December 10, 1948, in the Superior Court, Law Division, Bergen County, which awarded judgment to the plaintiff for $1,508.64 and dismissed the counterclaim filed by the defendant. The defendant appeals.
The plaintiff sued on four promissory notes made by the defendant to the plaintiff. An answer and counterclaim and an amended answer and counterclaim were both stricken and a second amended answer and counterclaim filed. Thereafter, the plaintiff gave notice of motion for judgment on the pleadings, accompanied by an affidavit made by the president of the plaintiff corporation setting forth a description of the four notes sued upon and that "No part of the notes aforesaid has been paid and the full amount therefore, with interest to the due dates thereof with interest at 4% still remains unpaid." The plaintiff's motion was granted and the summary judgment under appeal was entered.
In the second amended answer and counterclaim the defendant denied the existence of any obligation to pay the notes, and set up ten separate defenses and a counterclaim. One of the defenses was the failure of the consideration for which the notes were given. It was alleged that on and prior to January 2, 1940, the defendant, who is engaged in the business of manufacturing tile and ceramics, purchased its water supply for use in manufacturing from the Keyport Water Company; the plaintiff, to induce the defendant to enter into a contract for the digging of a well, had extensive investigations made of the plant, equipment, water requirements and needs of the defendant, and investigated and ascertained the nature, content and source of supply of water *Page 203 
delivered by the Keyport Water Company to the defendant; the plaintiff represented it had ascertained the nature and content of the water at various levels and formations beneath the defendant's property and that the plaintiff, for the consideration set forth in the contract, would produce from the defendant's own land, by the digging of the well, water of a content, volume and kind suitable for the defendant's needs and identical with that delivered by the Keyport Water Company. The defendant, on January 2, 1940, relying solely upon the plaintiff's knowledge, accepted a contract drawn by the plaintiff providing for a water well supply system which, among other things, provided that the plaintiff would sink the well "to such depth as will be necessary to reach a suitable and dependable water-bearing formation." The parties in using the word "suitable" meant water suitable for the defendant's needs. There was a failure of consideration, in that a suitable water-bearing formation was never reached by the plaintiff because the water from this formation was polluted water containing foreign matter which made it unsuitable for the defendant's use. The notes sued upon were part of the series of notes given pursuant to the terms of the contract. The counterclaim alleged the failure of the plaintiff to complete his contract in accordance with its terms and that defendant was compelled to expend large sums of money for labor and materials needed to complete the contract, and demanded damages.
Since the suit on the notes was by the payee against the maker, failure of consideration is a good defense. R.S. 7:2-28.Spalinski v. Suto, 129 N.J.L. 186 (Sup. Ct. 1942); affirmed, o.b., 130 N.J.L. 175 (E. A. 1943); 5 U.L.A., § 28, n. 104. If true, the facts alleged in the answer support the defense of failure of consideration and the facts alleged in the counterclaim state a cause of action. Cf. Casriel v. King,2 N.J. 45, 65 A.2d 514 (1949). These fact allegations were not even controverted. We conclude the court erred in awarding judgment to the plaintiff and in dismissing the counterclaim.
The judgment under appeal is reversed. *Page 204